NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0508-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MARK L. TOMPKINS,

 Defendant-Appellant.

________________________________________________________________

 Telephonically argued March 15, 2017 – Decided May 19, 2017

 Before Judges Espinosa and Suter.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 03-03-0893.

 Mark L. Tompkins, appellant, argued the cause
 pro se.

 Lucille M. Rosano, Special Deputy Attorney
 General/Acting Assistant Prosecutor, argued
 the cause for respondent (Carolyn A. Murray,
 Acting Essex County Prosecutor, attorney; Ms.
 Rosano, of counsel and on the brief).

PER CURIAM

 Defendant appeals from the denial of his second petition for

post-conviction relief (PCR) without an evidentiary hearing and
presents the following argument for our consideration in this

appeal:

 THE MATTER SHOULD BE REMANDED TO THE
 LAW DIVISION FOR A FULL HEARING ON
 THE DISMISSAL AND SUBSEQUENT TRIAL
 ON THE CHARGE WHICH WAS DISMISSED,
 WHICH VIOLATED THE DOUBLE JEOPARDY
 CLAUSES OF CONSTITUTIONS OF NEW
 JERSEY AND THE UNITED STATES.

 We permitted defendant to supplement his oral argument in

writing. In his written submission, he reiterated his position

that the dismissal of a matter in municipal court barred subsequent

prosecution on double jeopardy grounds. We are unpersuaded by the

arguments advanced on appeal, at argument and in this latest

submission.

 In a cogent and comprehensive written opinion, Judge Martin

G. Cronin addressed the procedural history of this case, the claims

presented by defendant, the procedural bars to the claims presented

by Rules 3:22-4(a), 3:22-4(b), 3:22-5, and 3:22-12(a)(2), and the

substantive lack of merit to these claims. We agree that

defendant's claims lack sufficient merit to require additional

discussion, R. 2:11-3(e)(2), and affirm, substantially for the

reasons set forth in Judge Cronin's written decision.

 Affirmed.

 2 A-0508-15T2